**Charles Louis EVANS, Jr.**

v.

**NORTH STREET BOXING CLUB, et al.**

**No. Civ.A. 1:99–0929.**

United States District Court, W.D. Louisiana, Alexandria Division.

Dec. 16, 1999.

---

Katherine Tonnas, New Orleans, LA, for Charles Louis Evans, Jr, plaintiff.

Cleo Fields, Michael C. Guy, Baton Rouge, LA, for North Street Boxing Club Inc., defendant.

Ronald E. Corkern, Jr., Corkern & Crews, Natchitoches, LA, for Billy L. West, Jr., defendant.

### RULING

LITTLE, Chief Judge.

Before this court is plaintiff Charles Louis Evans, Jr.'s motion to disqualify defense counsel. For the reasons that follow we DENY plaintiff's motion.

### I.

Plaintiff brought the above captioned matter against the defendants pursuant to Title VII of the Civil Rights Act of 1964, § 703(a)(1), 42 U.S.C. § 2000e *et seq.* (1994). With this motion, Evans seeks to disqualify Ronald E. Corkern, Jr., attorney for defendants Billy West, Jr., and Edward Ward, Jr. While acting as an assistant district attorney, Corkern's law partner, Steve Crews, once prosecuted Evans in a criminal matter unrelated to this case. Evans alleges that because Crews represented the government in prosecuting Evans, Corkern should be disqualified pursuant to Rule 1.11 of the Louisiana Rules of Professional Conduct. Evans urges this court to disqualify Corkern because by representing Ward and West after his law partner prosecuted Evans, there is the appearance of impropriety. We disagree.

### II. *Analysis*

A motion to disqualify is considered a substantive motion affecting the rights of the parties and is determined by applying standards developed under federal law. *See In re Dresser Indus., Inc.*, 972 F.2d 540, 543 n. 7 (5th Cir.1992). According to Fifth Circuit jurisprudence, when faced with a motion to disqualify counsel, "we consider the motion governed by the ethical rules announced by the national professional in light of the public interest and the litigant's rights." *Id.* at 544 n. 7; *see Crowe v. Smith*, 151 F.3d 217, 233 (5th Cir.1998); *FDIC v. United States Fire Ins. Co.*, 50 F.3d 1304, 1310 (5th Cir.1995). As such, this court must weigh the need for disqualification based on the four relevant ethical canons: (1) the Local Rules; (2) the Model Rules; (3) the state rules; and (4) the Model Code. *See U.S. Fire Ins. Co.*, 50 F.3d at 1312.

Evans identifies Rule 1.11 of the Rules of Professional Conduct of the Louisiana State Bar Association as the relevant rule warranting disqualification of Corkern.[1]

1. Rule 1.11 Successive Government and Private Employment

*U.S. Fire Insurance Company* requires that we look not only to the local rules governing attorney ethics, but the national rules of professional conduct as well. The Western District of Louisiana has adopted the Louisiana Rules of Professional Conduct. *See* LR 83.2.4W (1999). Rule 1.11 of the ABA Model Rules of Professional Conduct is identical to Rule 1.11 of the Louisiana Rules of Professional Conduct. To fulfill the mandate of *Dresser, Crowe,* and *U.S. Fire Insurance Company,* we shall examine the language of Rule 1.11 of the Louisiana Rules of Professional Conduct and Model Code DR 9–101 to determine whether Corkern should be disqualified as counsel for Ward and West.

1. *Rule 1.11 of the Louisiana Rules of Professional Conduct*

■ Rule 1.11(a) of the Louisiana Rules of Professional Conduct prohibits a former government official from representing a private client "in connection with a matter in which the lawyer participated personally and substantially.... [Further] [n]o lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter" unless certain precautions are taken. Here, there is no evidence that Evans' criminal case had anything to do with the subject matter of Evans' pending sexual harassment suit. Corkern's representation of Ward and West, therefore, is not "in connection with a matter" in which Crews worked on as a government employee such that Corkern's imputed disqualification would be required by Rule 1.11(a).

Under Rule 11(b) "a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a

(a) Except as law may otherwise expressly permit, a lawyer shall not represent a private client in connection with a matter in which the lawyer participated personally and substantially as a public officer or employee, unless the appropriate government agency consents after consultation. No lawyer in a firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter unless:

(1) The disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom; and

(2) Written notice is promptly given to the appropriate government agency to enable it to ascertain compliance with the provisions of this rule.

(b) Except as law may otherwise expressly permit, a lawyer having information that the lawyer knows is confidential government information about a person acquired when the lawyer was a public officer or employee, may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person. A firm with which that lawyer is associated may undertake or continue representation in the matter only if the disqualified lawyer is screened from any participation in the matter and is apportioned no part of the fee therefrom.

(c) Except as law may otherwise expressly permit, a lawyer serving as a public officer or employee shall not:

(1) Participate in a matter in which the lawyer participated personally and substantially while in private practice or nongovernmental employment, unless under applicable law no one is, or by lawful delegation may be, authorized to act in the lawyer's stead in the matter; or

(2) Negotiate for private employment with any person who is involved as a party or as attorney for a party in a matter in which the lawyer is participating personally and substantially.

(d) As used in this rule, the term "matter" includes:

(1) Any judicial or other proceeding, application, request for a ruling or other determination, contract, claim, controversy, investigation, charge, accusation, arrest or other particular matter involving a specific party or parties; and

(2) Any other matter covered by the conflict of interest rules of the appropriate government agency.

(e) As used in this rule, the term "confidential government information" means information which has been obtained under governmental authority and which, at the time this rule is applied, the government is prohibited by law from disclosing to the public or has a legal privilege not to disclose, and which is not otherwise available to the public.

public officer or employee may not represent a private client whose interests are adverse to that person in a matter in which the information could be used to the material disadvantage of that person." Under Rule 1.11(e), information is classified as confidential for purposes of rule 1.11(b) if it meets the following three conditions: (1) the information was obtained under government authority, (2) the government is prohibited by law from disclosing the information to the public or has a legal privilege not to disclose the information, and (3) the information is not otherwise available to the public.

In this case, there is no evidence that Crews obtained any confidential information about Evans that would be of relevance in this sexual harassment suit. In an affidavit accompanying defendants' opposition to Evans' motion, Crews swears that he did not obtain any non-public information during his representation of the government in prosecuting Evans. Crews, therefore, did not obtain the type of confidential information envisioned by Rule 1.11(b), (e). If any information Crews had access to while acting as a district attorney is a matter of public record, Corkern's firm has no information that could materially disadvantage Evans that would require Corkern's imputed disqualification under Rule 1.11(b).

### 2. *ABA Model Code DR 9–101*

We also must look to the provisions of the ABA Model Code DR 9–101 to determine whether disqualification is warranted. *See U.S. Fire Ins. Co.,* 50 F.3d at 1312. Model Code DR 9–101(B), entitled "Avoiding Even the Appearance of Impropriety," provides: "A lawyer shall not accept private employment in a matter in which he had substantial responsibility while he was a public employee." Although "matter" is not specifically defined, DR 9–109 seems to prohibit a public employee from later representing a private client in the *same* case or controversy involving the same subject matter as the prior case. There is nothing

in the record that indicates that Evans' sexual harassment suit is related to his criminal case. As such, the Model Code does not require that Ronald Corkern be disqualified from representing the opposing party in a matter unrelated to the one in which Crews once prosecuted Evans. Further, as stated above, Crews did not obtain any confidential information that any other attorney representing defendants could not access. This court can see no reason why Corkern's representation of Ward and West would have the "appearance of impropriety."

### III.

Evans has failed to prove that Corkern should be disqualified from representing Ward and West based on Crews' former representation of the government in a criminal case involving Evans. We, therefore, deny Evans' motion to disqualify counsel.